**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5147**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

JOSE ASUNCION TORRES, a/k/a Fredy Chon, a/k/a Jose Asuncion
Torres-Bonilla,

                Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.    Thomas David
Schroeder, District Judge.  (1:08-cr-00441-TDS-1)

Submitted:  September 21, 2010          Decided:  October 1, 2010

Before DUNCAN and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis  C.  Allen,  Federal  Public  Defender,  William  C.  Ingram,
First  Assistant  Federal  Public  Defender,  Greensboro,  North
Carolina,  for  Appellant.    Angela  Hewlett  Miller,  Assistant
United  States  Attorney,  Greensboro,  North  Carolina,  for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Asuncion Torres pleaded guilty to illegally reentering the United States after having been deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced Torres to fifty-seven months of imprisonment and he now appeals. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the sentence was unreasonable. Although Torres was informed of his right to file a pro se supplemental brief, he has not done so. Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. We then "'consider the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir.) (quoting

2

Gall, 552 U.S. at 51), cert. denied, 129 S. Ct. 476 (2008). If the sentence is within the guidelines range, we apply a presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346-59 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is procedurally and substantively reasonable. The district court properly calculated the advisory guidelines range, considered the § 3553(a) factors, responded to Torres' statements at sentencing, and thoroughly explained its chosen sentence. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (district court must conduct individualized assessment based on the particular facts of each case, whether sentence is above, below, or within the guidelines range). Moreover, Torres has failed to overcome the presumption of reasonableness we accord his within-guidelines sentence. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Torres, in writing, of the right to petition the Supreme Court of the United States for further review. If Torres requests that a petition be filed, but counsel believes that such a petition

3

would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Torres. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED